IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CRYSTAL M. WHITECOTTON, individually and on behalf of persons similarly situated,

Plaintiffs,

v.

CARVANA, LLC,

Defendant.

Case No. 5:25-cv-276 Bailey

[Removed from the Circuit Court of Ohio County, West Virginia, Case No. CC-35-2025-C-223]

ELECTRONICALLY FILED
12/29/2025
U.S. DISTRICT COURT
Northern District of WV

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Carvana, LLC hereby removes this case from the Circuit Court of Ohio County, West Virginia to the United States District Court for the Northern District of West Virginia. In support of this Notice of Removal (the "Notice"), Carvana states as follows:

## I. Factual and Procedural Background

1. On November 17, 2025, Plaintiff Crystal M. Whitecotton ("Plaintiff") filed a putative class action complaint in the Circuit Court of Ohio County, West Virginia, *Crystal M. Whitecotton, et al. v. Carvana, LLC*, Civil Action No. CC-35-2025-C-223 (the "State Court Action"). Copies of all process, pleadings, and other documents served upon Carvana and/or filed in the State Court Action are attached hereto as Exhibit 1.

2. Carvana was served with a summons and copy of the original complaint in the State Court Action (the "Original Complaint") no earlier than November 28, 2025. A true and correct copy of the Original Complaint in the State Court Action is included in Exhibit 1.

3. Plaintiff filed her First Amended Complaint (the "Amended Complaint") on November 23, 2025.

4. Carvana was served with the Amended Complaint no earlier than December 1, 2025.

5. No further proceedings have been held in the State Court Action as of the date this Notice of Removal was filed.

6. This action relates to the financing of used vehicles purchased from Carvana pursuant to retail installment or similar contracts ("RISCs").

7. Plaintiff alleges that Carvana improperly (1) contracted for finance charges in excess of that allowed by West Virginia law (the "Finance Charge Issue"), (2) included charges for service contracts in the finance charge, allegedly without proper disclosure (the "Service Contract Issue"), and (3) included charges for cosmetic protection products or services in the finance charge, allegedly without proper disclosure (the "Cosmetic Protection Issue"). [*See, e.g.*, Original Compl. ¶¶ 16-27 (describing the Interest Rate Issue); *id.* ¶¶ 30-35 (describing the Service Contract Issue); *id.* ¶¶ 38-43 (describing the Cosmetic Protection Issue); Am. Compl. ¶¶ 16-27 (describing the Interest Rate Issue); *id.* ¶¶ 30-35 (describing the Service Contract Issue); *id.* ¶¶ 38-43 (describing the Cosmetic Protection Issue).]

8. Based on these allegations, Plaintiff seeks to represent the following putative classes:

a. CLASS ONE: All West Virginia resident consumers who on or after September 11, 2021, executed RICS's and other similar financing contracts with Carvana that are subject to the WVCCPA that charged usurious interest in excess of the

12% per annum maximum rate set by law for amounts in excess of $1,500 in consumer credit sales. [Am. Compl. ¶ 7.]

b. SUB-CLASS ONE: All West Virginia resident consumers who on or after September 11, 2021, executed RICS's and other similar financing contracts with Carvana that are subject to the WVCCPA that charged usurious interest in excess of 18% per annum in consumer credit sales. [*Id.*]

c. CLASS TWO: All West Virginia resident consumers who on or after September 11, 2021, executed RICS's and similar financing contracts with Carvana that are subject to the WVCCPA law that financed charges for service contracts. [*Id.*]

d. CLASS THREE: All West Virginia resident consumers who on or after September 11, 2021, executed RICS's and similar financing contracts with Carvana that are subject to the WVCCPA that financed charges for "Cosmetic Protection" services. [*Id.*]

9. Plaintiff seeks damages on behalf of the classes, including four times all interest agreed to be paid by individuals within the classes, penalties, and attorneys' fees. [*See, e.g.*, Am. Compl. ¶¶ 19-21; Original Compl. ¶ 21.]

**II. Grounds For Removal**

10. This case is removable, and this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, and 1453, because (1) there is minimal diversity, as Carvana and at least one member of the proposed class are citizens of different states, (2) this case is a putative class action with more than 100 members in the proposed classes, and (3) the amount in controversy, under Plaintiff's allegations, exceeds $5 million in the aggregate.

11. "[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *see also Atkins v. AT&T Mobility Servs., LLC*, 2019 WL 5190971, at *3 (S.D. W. Va. Oct. 15, 2019). Accordingly, "[a] defendant sued in a class action in a state court is presumptively entitled to remove the proceedings to federal court when the three CAFA requirements" — minimal diversity, 100 or more class members, and over $5,000,000 in controversy — "are satisfied." *Atkins*, 2019 WL 5190971, at *3.

**A. Minimal Diversity Exists Among the Parties.**

12. For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, and a defendant need only show that "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A).

13. According to the Amended Complaint, Plaintiff "is a resident of Ohio County, West Virginia." [Am. Compl. ¶ 68.]

14. Carvana, LLC was formed under the laws of and maintains its principal place of business in Arizona.

15. Carvana is thus a citizen of Arizona for purposes of CAFA. *Bartels by & through Bartels v. Saber Healthcare Grp.*, LLC, 880 F.3d 668, 673 (4th Cir. 2018) ("Under CAFA, unincorporated associations—including limited liability companies—are citizens of the state under whose laws they are organized and of the state where their principal place of business is located.").

16. Sufficient diversity of citizenship thus exists between Carvana and at least one member of the class. *See* 28 U.S.C. § 1332(d)(2)(A).

**B. The Proposed Classes Exceed 100 Members.**

17. For purposes of removal, CAFA requires that the number of members of all proposed classes in the aggregate exceed one hundred. *See* 28 U.S.C. § 1332(d)(5)(B).

18. Here, the proposed class members, in the aggregate, include more than 100 members. Based on Carvana's review thus far, there are more than 600 class members that fall within Class One alone.

**C. The Amount in Controversy Exceeds $5 Million.**

19. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where a complaint does not allege a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

20. For purposes of evaluating the amount in controversy, courts include the maximum statutory recovery, including special or multiple damages. *See, e.g.*, *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 460 (D. Md. 2013) ("Trebled damages are considered when determining the amount in controversy."); *Wall v. Fruehauf Trailer Servs., Inc.*, 123 F. App'x 572, 577 (4th Cir. 2005) (affirming the district court's decision that the amount in controversy was met based on potential treble damages under applicable statutes); *McMullen v. Synchrony Bank*, 82 F. Supp. 3d 133, 140 (D.D.C. 2015).

21. Here, Plaintiff contends that the putative class members may be awarded, among other things, four times all interest they agreed to pay to Carvana pursuant to a retail installment or similar contract. [Am. Compl. ¶ 21.]

22. As explained above (*supra* ¶ 18) there are over 600 putative class members in Class One alone, and the average amount of interest such putative class members agreed to pay Carvana exceeds $2,500. *Atkins*, 2019 WL 5190971 at *5 ("A removing defendant may use reasonable estimates, inferences, and deductions to establish the amount in controversy, as long as the evidence shows it is more likely than not (i.e., a preponderance of the evidence) that a fact finder might legally conclude that damages will exceed the jurisdictional amount.").

23. Carvana denies any and all liability and contends that Plaintiff's allegations are without merit. For purposes of this Notice of Removal, however, taking Claimant's allegations as true and in light of Plaintiff's claim that putative class members are entitled to recover four times all interest they agreed to pay, the amount in controversy exceeds $5,000,000.

**III. The Procedural Requirements For Removal Are Satisfied.**

24. Carvana received service of the initial pleading containing the claim or cause of action sought to be removed no earlier than November 28, 2025, and thus this notice is timely. 28 U.S.C. § 1446; Fed. R. Civ. P. 6.

25. Venue is proper in this Court because this District and Division embrace Ohio County, West Virginia, where the State Court Action is pending. *See* 28 U.S.C. §§ 1441(a), 1446(a); Compl., Ex. 1.

26. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

27. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and other documents served upon Defendant and/or filed in the State Court Action are attached hereto as Exhibit 1. Carvana has not filed an answer or other response to the Original Complaint or Amended Complaint in the State Court Action and is not aware of any pending motions in the State Court Action.

28. Pursuant 28 U.S.C. § 1446(d), a copy of this Notice has been filed with the Clerk of the Circuit Court of Ohio County, West Virginia. A true and correct copy of the Notice of Removal filed in the Circuit Court of Ohio County and served on Plaintiff is attached hereto as Exhibit 2.

29. Written notice of the filing of this Notice has been served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

30. Carvana reserves the right to amend or supplement this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action. Carvana further reserves all rights and defenses, including those available under the Federal Rules of Civil Procedure and including all rights to move to compel arbitration and/or to enforce a class waiver provision.

**WHEREFORE,** Defendant Carvana, LLC hereby removes the action now pending in the Circuit Court of Ohio County, West Virginia to the United States District Court for the Northern District of West Virginia.

December 29, 2025

Respectfully submitted,

*/s/ W. Michael Hanna*

W. Michael Hanna
W.Va. Bar No. 1582
Squire Patton Boggs (US) LLP
1000 Key Tower
127 Public Square
Cleveland, OH 44114
Email: mike.hanna@squirepb.com
Phone: (216) 479-8500
Fax: (216) 279-8780

Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the individuals listed below. Copies of the foregoing Notice of Removal were sent by regular U.S. mail this 29th day of December, 2025, to:

J. William St Clair
P.O. Box 91327
Bexley, Ohio 43209
jwilliamstclair@gmail.com

Ryan W. Johnson
Johnson Legal Services, PLLC
1049 Market Street
Wheeling, WV 26003
Johnson.legal.services.pllc@gmail.com

*/s/ W. Michael Hanna*__________________
W. Michael Hanna